FILED
CLERK
12/1/2015 3:14 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

'UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LUIS G. HERNANDEZ,

        Petitioner,

-against-

UNITED STATES,

        Defendant.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
13-cv-1117 (SJF)

FEUERSTEIN, J.

In 2011, petitioner Luis G. Hernandez ("petitioner" or "Hernandez") pleaded guilty to two violent offenses pursuant to a plea agreement whereby he waived his right to challenge his sentence or conviction on appeal or as part of a 28 U.S.C. § 2255 petition. Nevertheless, he has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, *pro se*, arguing that trial counsel rendered ineffective assistance of counsel during sentencing. [Docket No. 1]. For the reasons that follow, his application is DENIED.

## I.    BACKGROUND

On March 11, 2010, petitioner Luis G. Hernandez, also known as "King Infinite" and "Infinite," drove a fellow member of the "Latin Kings" gang to a wooded area near a "Super K" convenience store in Huntington Station, and waited in a car while the latter opened fire on members of the rival "Crips," and then helped him escape. Plea Transcript (Plea Tr.) 17:2–8, Defendant's Brief (Def.'s Br.), Exhibit (Ex.) 2. On November 13, 2010, petitioner was indicted on five (5) counts of a forty (40)-count indictment against certain members of the Long Island chapter of the "Latin Kings" gang: (1) conspiracy to commit assault with dangerous weapons, 18 U.S.C. § 1959(a)(6) (Count One); (2) conspiracy to commit murder, 18 U.S.C. § 1959(a)(5) (Count Eighteen); (3) possession of a firearm during a crime of violence, 18

U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(2) (Count Nineteen); (4) attempted assault with a dangerous weapon, 18 U.S.C. § 1959(a)(6) (Count Thirty); and (5) discharging a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii) and (iii) (Count Thirty-One). No. 10-cr-281, [Docket No. 147].

On June 22, 2011, petitioner pleaded guilty to Count Thirty, attempted assault with a dangerous weapon, 18 U.S.C. § 1959(a)(6), and Count Thirty-One, discharge of a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(iii) pursuant to a plea agreement. Plea Agreement, Def.'s Br., Ex. 1, at 4. Paragraph Four (4) of the plea agreement provided in relevant part:

> The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 156 months or below. This waiver is binding without regard to the sentencing analysis used by the Court.

Def.'s Br., Ex. 1, at 5. The court accepted petitioner's guilty plea after finding that it was made voluntarily and intelligently, and that petitioner understood that by pleading guilty, he waived his right to appeal or to apply for habeas corpus relief if his sentence was one hundred fifty-six (156) months or less. Plea Tr. 17:15–20, 10:21–11:1, 12:21–13:12.

On September 12, 2012, petitioner appeared for sentencing with counsel, who argued that petitioner should receive the statutory minimum sentence, one hundred fifty-six (156) months, because while incarcerated, petitioner incurred no disciplinary infractions, had obtained his GED, and had maintained close family ties. Sentencing Transcript (Sent. Tr.) 3:10–4:10. The court imposed a sentence of one hundred fifty-six (156) months. Sent. Tr. 4:17–19, Sent. Tr. 5:8–18.

II.     DISCUSSION

Reading petitioner's "papers liberally, and . . . interpret[ing] them to raise the strongest arguments that they suggest," *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), he appears to claim that counsel was ineffective for his failure to request a reduction in petitioner's offense-level based upon his acceptance of responsibility pursuant to U.S.S.G. 3E1.1(a) and for his failure to request an offense-level reduction for his rehabilitative efforts while incarcerated, and that "counsel labored under an actual conflict of interest." Petitioner's Brief (Pet. Br.) 14–15.

A.      Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 permits a prisoner convicted in federal court to attack the constitutionality or legality of his or her conviction or sentence. 28 U.S.C. § 2255(a). Due to "'society's strong interest in the finality of criminal convictions,'" a petitioner must meet a high threshold before a court will vacate a conviction or sentence on collateral review. *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (quoting *Ciak v. United States*, 59 F.3d 296, 301 (2d Cir.1995), *abrogated on other grounds by Mickens v. Taylor*, 535 U.S. 162 (2002)).

B.      Waiver

Courts routinely uphold waivers of a criminal defendant's right to appeal and collateral review contained in plea agreements, so long as the defendant waives these rights intelligently and voluntarily. *E.g.*, *United States v. Conrad*, 605 F. App'x 55, 56 (2d Cir. 2015) (citing *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000)). These waivers are "presumptively enforceable." *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011). An exception to the general rule of enforceability arises where the basis for the habeas corpus relief is that "the waiver was the result of ineffective assistance of counsel," *United States v. Monzon*, 359 F.3d

3

110, 119 (2d Cir. 2004), or where the petitioner challenges the plea-bargaining process itself. *Cross v. Perez*, 823 F. Supp. 2d 142, 151 (E.D.N.Y. 2011). Petitioner raises no such argument here, but instead criticizes counsel's performance during sentencing. The court finds, however, that because petitioner was informed of his waiver of his right to collateral review during his plea colloquy, and because petitioner waived this right voluntarily and intelligently, he is now barred from challenging counsel's performance during sentencing. *E.g.*, *United States v. Morgan*, 386 F.3d 376, 379 (2d Cir. 2004) (holding that waiver of right to attack sentence on collateral review was enforceable where court complied with FED. R. CRIM. P. 11(b)(1)(N) by addressing waiver provision during plea colloquy).

C.  Ineffective Assistance of Counsel

Even if the court did not find petitioner's claims barred, it would reject them as meritless. A petitioner asserting ineffective assistance of counsel must demonstrate both that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient representation prejudiced petitioner's defense, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 669, 687–96 (1984). A court view's trial counsel's performance deferentially, and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Petitioner must show that counsel's deficient performance caused a breakdown of the adversarial process that it "undermine[s] confidence" that "a just result" was reached. *Id.* at 686, 694. Petitioner has a heavy burden of proving both prongs. *Byrd v. Evans*, 420 F. App'x 28, 30 (2d Cir. 2011) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)); *Lindstadt v. Keane*, 239 F.3d 191,

199 (2d Cir. 2001)).  Petitioner has failed to meet this burden; he suffered no prejudice as he received the statutory minimum sentence as part of a favorable plea agreement.  *See United States v. Gonzalez-Montes*, 443 F. App'x 644, 645–46 (2d Cir. 2011) (holding that counsel did not render ineffective assistance of counsel where counsel failed to request a below-Guideline sentence because counsel raised other arguments in favor of the "lowest possible sentence"); *see generally Farrington v. Senkowski*, 214 F.3d 237, 242 (2d Cir. 2000) (explaining that courts may dispose of ineffective assistance of counsel under second prong of *Strickland* test if lack of prejudice is apparent).  The petition alleges no facts to suggest a conflict of interest.

### III. CONCLUSION

For the foregoing reasons, Hernandez's petition to vacate or modify his sentence pursuant to 28 U.S.C. § 2255 is DENIED.  The Clerk of the Court is directed to mail a copy of this Memorandum and Order to petitioner, and to docket a copy of this order under No. 10-cr-281.  **SO ORDERED**.

s/ Sandra J. Feuerstein<br>
Sandra J. Feuerstein<br>
United States District Judge

Dated: December 1, 2015
      Central Islip, New York